1 | Gregory Y. Lievers, Esq./State Bar #110837
LAW OFFICES OF GREGORY Y. LIEVERS
2 | 5860 Owens Avenue, Suite 210
Carlsbad, CA 92008
3 | (760) 268-1947
(760) 268-1931 (fax)
4

5 | Attorney for Plaintiff and Judgment Creditor LEE BITTNER

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | In re:  RONALD GEORGE DEPAUL,

BK. CASE NO.: 13-11075-LA7
ADVERSARY CASE NO.: 14-90021-LA

11

12 | Debtor.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

13

14 | LEE BITTNER,

Date:   August 28, 2014
Time:  10:30 a.m.
Courtroom:  2

15 | Plaintiff,

16 | v.

17 | RONALD GEORGE DEPAUL,

18 | Defendant.

19

20 | **I.**

21 | **INTRODUCTION**

22 | Lee Bittner seeks summary judgment of this non-dischargeability action in his favor based

23 | on the collateral estoppel effect of the default judgment entered against Defendant Ronald DePaul

24 | in an earlier state court action.

25 | **II.**

26 | **FACTUAL BACKGROUND**

27 | On May 17, 2012, Plaintiff Lee Bittner commenced an action in the San Diego County

28 | Superior Court entitled <u>Lee Bittner v. Ronald DePaul, et al.</u>, SDSC Case No. 37-2012-00053697,

1 | seeking compensatory damages and equitable relief for the conversion and breach of fiduciary duty

2 | perpetrated by Defendant Ronald DePaul.  (See Complaint attached as Exhibit A to Notice of

3 | Lodgment.)

4 | In alleging both conversion and breach of fiduciary duty against DePaul, the Complaint

5 | specifically stated that the conduct of DePaul "as alleged herein constitutes fraud, oppression and

6 | malice within the meaning of Civil Code § 3294, thus justifying an award of punitive damages to

7 | Plaintiff in a sum according to proof."  (Complaint, paragraphs 18, 33.)

8 | On May 20, 2013, Judgment by Default was entered against the debtor.  After considering

9 | declarations submitted by Plaintiff and Plaintiff's counsel, Judge Robert P. Dahlquist ordered that

10 | the debtor must pay Plaintiff the amount of $94,870.  Additionally, the Court made the following

11 | specific finding:

12 | 
13 | **The Court finds that Defendant DePaul's breach of fiduciary duty and conversion were willful and malicious, and constitutes intentional misconduct.**

14 | (See Exhibit B to Notice of Lodgment.)

15 | On or about November 15, 2013, Defendant Ronald DePaul filed a Chapter

16 | 7 bankruptcy petition in this Court.

17 | Mr. Bittner's Complaint to Determine Dischargeability of Debt was filed

18 | February 5, 2014.  It seeks a judgment of this court that the judgment debt owed by

19 | Mr. DePaul is non-dischargeable under 11 U.S.C. § 523(a)(2), 523(a)(4), and/or

20 | 523(a)(b).

21 | **III.**

22 | **LEGAL ARGUMENT**

23 | Under collateral estoppel principles, factual and/or legal issues adjudicated by a state court

24 | in pre-bankruptcy proceedings may be entitled to preclusive effect in a non-dischargeability

25 | proceeding in bankruptcy court.  Grogan v. Garner (1991) 498 U.S. 279, 285, 111 S. Ct. 654, 658-

26 | 659, footnote 11. ["We now clarify that collateral estoppel principles do indeed apply in discharge

27 | exception proceedings pursuant to Section 523(a)."]

28 |

Ronald George DePaul, Debtor
Memo of P&A's in Support of Motion for Summary Judgment

Bk #13-11075-LA7
**Page 2**

1    In considering the collateral estopped effect of a state court judgment, federal courts apply

2  that state's law of collateral estoppel.  In re Bugna (9th Circuit 1994) 33 F3d 1054, 1057.  Under

3  California law, collateral estoppel applies where (1) the issues in both proceedings are identical, (2)

4  there was a final judgment on the merits, and (3) the party against whom collateral estoppel is

5  asserted was a party to the prior adjudication or in privity with such party.  Id.

6    A default judgment has preclusive effect in a bankruptcy action to the same extent it would

7  have in the state court in which it was rendered.  Far Out Productions, Inc. v. Oskar (9th Circuit

8  2001) 247 F3d 986, 993.  Under California law, a default judgment is given collateral estoppel

9  effect if the defendant (1) had actual notice of the litigation and an opportunity to participate, and,

10  (2) the issues were "actually litigated" in the action.  In re Cantrell (9th Circuit 2003) 329 F3d 1119,

11  1123-1124; In re Green (9th Circuit B.A.P. 1996) 198 BR 564, 566 [default judgment conclusively

12  establishes the truth of all material allegations contained in the complaint and every fact necessary

13  to uphold the default judgment].

14    For purposes of default judgment, an issue is "actually litigated" when it is "properly raised

15  by the pleadings, or otherwise, and is submitted for determination, and is determined, noting that a

16  determination may be based on a failure of proof."  In re Moore (BC ND CA 1995) 186 BR 962,

17  971.

18    Thus, a California default judgment was entitled to collateral estoppel effect in a Chapter 7

19  non-dischargeability proceeding against debtor despite debtor's claim that the judgment was

20  erroneous.  Debtor's liability to the judgment creditor for fraud was conclusively established

21  because it was necessary to uphold the judgment.  In re Green, supra, 198 BR at 566-567; In re

22  Baldwin (9th Circuit 2001) 249 F3d 912, 919.

23    Similarly, where the bankruptcy court determined a financial statement used by debtor when

24  entering into a lease with landlord was false, the state court default judgment obtained by landlord

25  against debtor for unpaid rent pre-petition was conclusive and binding as to the amount of non-

26  dischargeable damages owed by debtor.  In re Sung Ho Cha (9th Circuit BAP 2012) 483 BR 547,

27  551-552.

28

Ronald George DePaul, Debtor
Memo of P&A's in Support of Motion for Summary Judgment

Bk #13-11075-LA7
**Page 3**

1    Mr. Bittner's Complaint in the state court action expressly alleged that Mr. DePaul

2 committed both conversation and breach of fiduciary duty in selling corporate assets that were, in

3 effect, jointly owned by Mr. Bittner, and that said acts constituted "fraud, oppression and

4 malice. . ." After a default was properly entered, a default judgment was entered by the court in the

5 amount of $94,870. In doing so, Judge Dahlquist made an express finding that "defendant DePaul's

6 breach of fiduciary duty and conversion were willful and malicious, and constitute intentional

7 misconduct." These issues were therefore "actually litigated" as required by In re Moore, and

8 determined in Mr. Bittner's favor. Consequently, the default judgment is entitled to conclusive

9 effect in accordance with collateral estoppel principles.

10    Debts for the debtor's "willful and malicious injury" to another entity or the property of

11 another entity are non-dischargeable. 11 U.S.C. Sections 523(a)(6), 1328(a). A debt based on

12 conversion by the debtor may be non-dischargeable under Section 523(a)(6) if the court finds that

13 the injury was both "willful and malicious." In re Bailey (9th Circuit 1999) 197 F3d 997, 1000; In

14 re Thiara (9th Circuit BAP 2002) 285 BR 420, 427. As previously noted, the Judge in the state

15 court proceeding made an express finding to this effect.

16    Finally, under Section 523(a)(4) of the Bankruptcy Code, a discharge in a Chapter 7

17 proceeding does not discharge an individual debtor from any debt "for fraud or defalcation while

18 acting in a fiduciary capacity, embezzlement, or larceny."

19                                        **IV.**

20                                  **CONCLUSION**

21    Since the state court default judgment and its express finding that Mr. DePaul's "breach of

22 fiduciary duty and conversion were willful and malicious, and constitute intentional misconduct"

23 have a collateral estoppel effect, this Court is justified in granting summary judgment for Plaintiff

24 ///

25 ///

26 ///

27 ///

28

Ronald George DePaul, Debtor                                      Bk #13-11075-LA7
Memo of P&A's in Support of Motion for Summary Judgment           **Page 4**

1  Lee Bittner in this action.  Mr. Bittner respectfully requests that this Court enter summary judgment

2  in his favor finding that the judgment debt of $94,870 is non-dischargeable.

3                                                              LAW OFFICES OF GREGORY Y. LIEVERS

4

5  Dated:    7-2-14

6                                                              GREGORY Y. LIEVERS, ESQ.
                                                              Attorneys for Plaintiff and Judgment Creditor
7                                                              LEE BITTNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28