1  Gregory Y. Lievers, Esq./State Bar #110837
   LAW OFFICES OF GREGORY Y. LIEVERS
2  5860 Owens Avenue, Suite 210
   Carlsbad, CA   92008
3  (760) 268-1947
   (760) 268-1931 (fax)
4

5  Attorney for Plaintiff and Judgment Creditor LEE BITTNER

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10 In re:  RONALD GEORGE DEPAUL,         | BK. CASE NO.: 13-11075-LA7
                                         | ADVERSARY CASE NO.: 14-90021-LA
11
12                      Debtor.           | **REQUEST FOR JUDICIAL
                                         | NOTICE IN SUPPORT OF
                                         | MOTION FOR SUMMARY
13                                        | JUDGMENT**

14 ─────────────────────────────         | Date:   August 28, 2014
   LEE BITTNER,                          | Time:   10:30 a.m.
15                                        | Courtroom:   2
                      Plaintiff,
16
   v.
17
   RONALD GEORGE DEPAUL,
18
                      Defendant.
19

20        Plaintiff Lee Bittner, by and through his attorney, hereby requests the Court to take judicial

21 notice pursuant to Federal Rules of Evidence 201 of the following documents:

22        1)      Summons and Complaint filed in the San Diego County Superior Court in an action

23 entitled Lee Bittner v. Ronald DePaul, et al., SDSC Case No. 37-2012-00053697, seeking

24 compensatory damages and equitable relief from the conversion and breach of fiduciary duty

25 perpetrated by the Debtor.  A true and correct copy is attached hereto as Exhibit "A."

26 ///

27 ///

28 ///

1      2)      May 20, 2013, Judgment by Default entered against the Debtor.  A true and correct

2  copy is attached here to Exhibit "B."

3                                   LAW OFFICES OF GREGORY Y. LIEVERS

4

5  Dated:   7-2-14

6                                     GREGORY Y. LIEVERS, ESQ.

7                                     Attorneys for Plaintiff and Judgment Creditor
                                       LEE BITTNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Ronald George DePaul, Debtor
Request for Judicial Notice in Support of Motion for Summary Judgment

Bk #13-11075-LA7
**Page 2**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RON DEPAUL, an individual; FALTAS, INC., a California
Corporation; and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEE BITTNER, an individual,

12 MAY 17  AM 10: 52

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br><br>County of San Diego, North County Division<br>325 S. Melrose Drive, Vista, CA  92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2012-00053697-CU-PO-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory Y. Lievers, Esq.; BARTLETT & LIEVERS; 220 West Grand Avenue; Escondido, CA  92025

| DATE:<br>*(Fecha)* **MAY 1 7 2012** | Clerk, by<br>*(Secretario)* _L. Alvarez_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A

1 | Gregory Y. Lievers, Esq./State Bar # 110837
BARTLETT & LIEVERS
2 | 220 West Grand Ave.
Escondido, CA 92025
3 | (760)738-9789

12 MAY 17  AM10: 52

4

5 | Attorney for Plaintiff LEE BITTNER

6

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

10 | LEE BITTNER, an individual,

11 |               Plaintiff,

12 | v.

13 | RON DEPAUL, an individual;
FALTAS, INC., a California
14 | Corporation; and DOES 1 through
10, inclusive,

15

16 |               Defendants.

17

CASE NO.:    37-2012-00053697-CU-PO-NC

COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF

(UNLIMITED CIVIL CASE)

18 | Plaintiff Lee Bittner, an individual, alleges and complaint as follows:

19 | **FIRST CAUSE OF ACTION**

20 | (CONVERSION-AGAINST ALL DEFENDANTS)

21 |     1.    At all times herein mentioned, Plaintiff was and now is a resident of Vista,

22 | California.

23 |     2.    Plaintiff is informed and believes and thereon alleges that Defendant Ron DePaul

24 | was and now is an individual residing in Escondido, San Diego County, California.

25 |     3.    Plaintiff is informed and believes and thereon alleges that Defendant Faltas, Inc. is a

26 | corporation formed and existing under the laws of the State of California, with its principal place of

27 | business in Oceanside, California.

28 | ///

1

Complaint for Damages and Equitable Relief

1    4.    Plaintiff is unaware of the true names and capacities, whether individual, corporate,
2  associate or otherwise of the Defendants named herein as DOES 1 through 10, inclusive, and
3  therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave of court to amend
4  this Complaint and set forth their true names and capacities when the same has been ascertained.

5    5.    Plaintiff is further informed and believes and thereon alleges that at all times herein
6  mentioned, Defendants acted as agents, servants and employees of each of their remaining co-
7  defendants, and in doing the things hereinafter alleged, acted with the full knowledge, permission
8  and consent of each of the remaining co-defendants.

9    6.    In January 2009, Plaintiff and Defendant DePaul formed a general partnership
10  known as "Smoke House Grills Restaurant."  Plaintiff contributed $60,000 to buy into the
11  partnership.

12    7.    In February 2009, Plaintiff and Defendant DePaul chose to convert their partnership
13  into a corporation.  Plaintiff and Defendant DePaul agreed that Plaintiff's $60,000 contribution to
14  the partnership would be considered a capital contribution to the corporation.

15    8.    From February 2009 to the present, Plaintiff and Defendant DePaul have been 50%
16  shareholders, officers and directors of the California corporation known as Smoke House Grills,
17  Inc.

18    9.    Plaintiff has also purchased and contributed to the corporation approximately
19  $75,000 worth of restaurant equipment.  The contribution of this equipment to Smoke House Grills,
20  Inc. was considered to be an additional capital contribution by Plaintiff.

21    10.    In or about December 2010, Smoke House Grills, Inc. vacated the premises located
22  at 1158 West San Marcos Blvd., #104 in San Marcos.  Restaurant equipment from that location was
23  moved to another location at 1220 East Mission Road in San Marcos.

24    11.    Unbeknownst to Plaintiff, Defendant DePaul and another individual named Joe
25  Faltaous were principals in another corporation, Defendant Faltas, Inc.  Without Plaintiff's
26  knowledge, authorization or consent, DePaul transferred, or purported to transfer, all of the
27  equipment in the 1220 East Mission Road premises to Defendant Faltas, Inc.  Furthermore, DePaul
28  transferred, or purported to transfer, all goodwill, customer lists, and other assets to Faltas, Inc.

2

12.    Said transaction was invalid and voidable, per Corporations Code §§ 1001(c) and 152.

13.    Plaintiff is informed and believes, and thereon alleges, that within the last three months, Faltas, Inc. has sold assets of Smoke House Grills, Inc., including but not limited to the equipment that was located in the 1220 East Mission Road location, to the owner of another restaurant located in Escondido. Again, this sale, or purported sale, was conducted without the knowledge, authorization or consent of Plaintiff.

14.    The terms of the sale to the Escondido restaurant are unknown at this time, but Plaintiff is informed and believes, and thereon alleges, that Defendant DePaul entered into a non-competition agreement with the operator of the Escondido restaurant. This non-competition agreement may have the effect of preventing Smoke House Grills, Inc. from engaging in the restaurant business, thereby further devaluing Plaintiff's interest in that corporation.

15.    By transferring the restaurant equipment and other assets to Faltas, Inc. without Plaintiff's knowledge or consent, and by selling said equipment and assets to a third party, again without Plaintiff's knowledge or consent, Defendants, and each of them, rendered Plaintiff's 50% ownership interest in Smoke House Grills, Inc. worthless, and are thus liable to Plaintiff for the tort of conversion.

16.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly and willfully conspired and agreed amongst themselves to convert Plaintiff's ownership interest in the corporation. Defendant did the acts and things herein alleged pursuant to, and in furtherance of, said conspiracy.

17.    As a proximate result of Defendant's conversion, Plaintiff has been damaged in an amount to be proven at the time of trial, but which is believed to be in excess of $135,000.

18.    The conduct of Defendants as alleged herein constitutes fraud, oppression, and malice within the meaning of Civil Code § 3294, thus justifying an award of punitive damages to Plaintiff in a sum according to proof.

///

///

Complaint for Damages and Equitable Relief

3

**SECOND CAUSE OF ACTION**

(BREACH OF FIDUCIARY DUTY – AGAINST DEFENDANT DEPAUL)

19.    Plaintiff incorporates herein by reference paragraph 1-18 of this Complaint as though fully set forth herein.

20.    Defendant DePaul, as a co-shareholder, officer and director of Smoke House Grills, Inc., owed Plaintiff a fiduciary duty that required him to deal with Plaintiff with the utmost good faith, and to refrain from placing his interests above those of Plaintiff.

21.    Defendant DePaul breached the fiduciary duty he owed to Plaintiff by transferring, or purporting to transfer, corporate assets of Smoke House Grills, Inc. to Defendant Faltas, Inc., by subsequently selling said assets to a third party, by signing a non-compete agreement that may prevent Smoke House Grills, Inc. from conducting business, and by diverting revenues rightfully belonging to Smoke House Grills, Inc. to either Faltas, Inc. or himself.

22.    As a proximate result of Defendant DePaul's breach of fiduciary duty, Plaintiff has been damaged in an amount to be proven at the time of trial, but which is to believed to be in excess of $135,000.

23.    The conduct of Defendant DePaul as alleged herein constitutes fraud, oppression, and malice within the meaning of Civil Code § 3294, thus justifying an award of punitive damages to Plaintiff in a sum according to proof.

**THIRD CAUSE OF ACTION**

(ACCOUNTING – AGAINST ALL DEFENDANTS)

24.    Plaintiff incorporates by reference paragraphs 1-23 of this Complaint as though fully set forth herein.

25.    As a 50% shareholder, officer and director of the corporation known as Smoke House Grills, Inc., Plaintiff is entitled to full and complete information concerning the disposition of any corporate assets, as well as the amount and nature of any corporate revenues.

26.    Defendants have failed and refused to provide Plaintiff with any information concerning the disposition of corporate assets, or the nature and amount of corporate revenues.

Complaint for Damages and Equitable Relief

1      27.    Plaintiff requests that the court invoke its equitable jurisdiction by issuing a

2   judgment compelling Defendants to account for all corporate assets and revenues from the

3   inception of the corporation to the present.

4          WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them:

5      1.    On the First and Second Causes of Action, for compensatory damages in an amount

6              according to proof, but believed to be in excess of $135,000;

7      2.    On the First and Second Causes of Action, for punitive damages, pursuant to

8              California Civil Code § 3294;

9      3.    On the First and Second Causes of Action, for pre-judgment interest at the rate of

10              10% per annum from the date of breach until paid in full;

11      4.    On the Third Cause of Action, for a judgment compelling Defendants to account for

12              all corporate assets and revenues from the inception of the corporation to the present;

13      5.    On all causes of action, for costs incurred herein pursuant to Code of Civil Procedure

14              § 1032; and,

15      6.    For such other and further relief as the court deems just and proper.

16                                        BARTLETT & LIEVERS

17

18   Dated:   5-16-12

19                                        Gregory Y. Lievers, Esq., Attorney
                                          for Plaintiff LEE BITTNER
20

21

22

23

24

25

26

27

28

**JUD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gregory Y. Lievers, Esq./State Bar #110837<br>LAW OFFICES OF GREGORY Y. LIEVERS<br>220 West Grand Avenue; Escondido, CA 92025<br>TELEPHONE NO: (760) 738-9789    FAX NO. (Optional): (760) 738-8733<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Lee Bittner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

F I L E D
Clerk of the Superior Court

MAY 20 2013

By: L. ARTHUR, Deputy

PLAINTIFF: Lee Bittner

DEFENDANT: Ron DePaul, et al.

**JUDGMENT**

- [ ] By Clerk
- [✓] By Court
- [ ] By Default
- [ ] On Stipulation
- [ ] After Court Trial
- [ ] Defendant Did Not Appear at Trial

CASE NUMBER:
37-2012-00053697-CU-PO-NC

**JUDGMENT**

1. [✓] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [✓] Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [✓] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):
         (1)
         (2)
      [ ] Continued on Attachment 3b.

      [ ] Plaintiff's attorney (name each):
         (1)
         (2)

      [ ] Defendant (name each):
         (1)
         (2)
      [ ] Continued on Attachment 3b.

      [ ] Defendant 's attorney (name each):
         (1)
         (2)

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was    requested.

EXHIBIT B

| PLAINTIFF: Lee Bittner | CASE NUMBER: |
|---|---|
| DEFENDANT: Ron DePaul, et al. | 37-2012-00053697-CU-PO-NC |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**  ☑ **THE COURT**    ☐ **THE CLERK**

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

   a. ☑ for plaintiff *(name each):*
      Lee Bittner

      and against defendant *(names):*
      Ron DePaul

      ☐ Continued on Attachment 5a.

   b. ☐ for defendant *(name each):*

   c. ☐ for cross-complainant *(name each):*

      and against cross-defendant *(name each):*

      ☐ Continued on Attachment 5c.

   d. ☐ for cross-defendant *(name each):*

6. **Amount.**

   a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) | ☑ | Damages | $ 94,310.00 |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of     % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ 560.00 |
| (5) | ☐ | Other *(specify):* | $ |
| (6) | | TOTAL | $ 94,870.00 |

| (1) | ☐ | Damages | $ |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of     % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other *(specify):* | $ |
| (6) | | TOTAL | $ |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
      ☐ Defendant named in item 5b to recover costs $
         ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
      ☐ Cross-defendant named in item 5d to recover costs $
         ☐ and attorney fees $

7. ☑ Other *(specify):*

   The Court finds that Defendant DePaul's breach of fiduciary duty and conversion were willful and malicious, and constitute intentional misconduct.

Date: May 20, 2013

☒ /s/ ROBERT P. DAHLQUIST
                       JUDICIAL OFFICER

Date: _____

☐ Clerk, by _____, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

JUD-100 [New January 1, 2002]

**JUDGMENT**

Page 2 of 2