TENTATIVE RULING

ISSUED BY JUDGE LOUISE DeCARL ADLER

Adversary Case Name:    LEE   BITTNER v. RONALD GEORGE DEPAUL

Adversary Number:    14-90021

Case Number:    13-11075-LA7

Hearing:    10:30 AM   Thursday, August 28, 2014

Motion:    PRE-TRIAL STATUS CONFERENCE

See tentative ruling on MSJ.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED BY GREGORY Y. LIEVERS

**PROCEDURAL RULING**:   Procedural objection to summary judgment based on failure to comply with Cal. Civ. Pro. 437(a) **OVERRRULED**.   Federal Rules of Civ. Procedure apply in Bankruptcy Court and notice of motion was sufficient under FRCivP 6(1).

**SUBSTANTIVE RULING**:   Motion for Summary Judgment **GRANTED**.   No substantive opposition.   Collateral estoppel principles apply in bankruptcy nondischargeability proceedings.   *Grogan v. Garner*, 498 U.S. 279(1991).   Here, the default judgment was taken in a CA state court complaint alleging identical issues (breach of fiduciary duty, conversion and willful and malicious intent); the debtor had actual notice of the complaint and opportunity to defend; the judgment was entered based on plaintiff's prove up evidence and that judgment is now final.   The judgment contained findings specific to the allegations of nondischargeability under Sec. 523(a)(4) and (a)(6).   Under California law, a default judgment is given collateral estoppel effect as well if the foregoing is established.   See *In re Cantrell*, 329 F3d 1119, 1123-4 (9th Cir.. 2003).   The judgment obtained in state court will be nondischargeable in debtor's bankruptcy case under Sec. 523(a)(4) and (a)(6).

If counsel for the debtor is prepared to accept the tentative ruling, he should notify counsel for the movant and the courtroom deputy and appearances will be excused. In that event, movant shall prepare an order on this MSJ.   Further, if granting this MSJ is dispositive of the complaint, a judgment on the complaint should be prepared as well and the courtroom deputy notified so that the pretrial status conference can be vacated.